COURT OF APPEALS
DECISION
DATED AND FILED

August 1, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP692**

STATE OF WISCONSIN

Cir. Ct. No. 2020TP95

IN COURT OF APPEALS
DISTRICT I

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO A.M.H., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

M.S.H.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed.*

¶1     DONALD, P.J.[1]  M.S.H. appeals the order of the circuit court terminating her parental rights to her daughter, A.M.H.  M.S.H. contends that the circuit court erroneously exercised its discretion when it granted a default judgment, and when the circuit court found that it was in A.M.H.'s best interests to terminate M.S.H.'s parental rights.  For the reasons discussed below, I affirm.

## BACKGROUND

¶2     On December 17, 2018, when A.M.H. was eleven years old, M.S.H. contacted the Division of Milwaukee Child Protective Services and asked them to remove A.M.H. from her home.  M.S.H. stated that she could not deal with A.M.H. and that she did not want to hurt her.  M.S.H. stated that she was upset that A.M.H. damaged a wall in their home and noted that she did not know why A.M.H. jumped into the wall after M.S.H. hit her on the back with a broom.  M.S.H. also admitted to hitting A.M.H. with her hand, a belt, and a hanger.  M.S.H. further stated that she had previously inflicted injuries on A.M.H., including a chipped tooth and linear marks on her arms from a ruler.  At the time of removal, M.S.H. stated to A.M.H. that "I am glad you are out, never want to see your ass again."

¶3     On April 28, 2020, the State filed a petition to terminate M.S.H.'s parental rights to A.M.H.[2]  The petition alleged that A.M.H. was a child in continuing need of protection or services (continuing CHIPS) and that M.S.H. had failed to assume parental responsibility.

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] A.M.H.'s biological father is unknown.

¶4      On May 21, 2020, at the initial appearance, the circuit court ordered M.S.H. to communicate and cooperate with her lawyers, to appear at all the hearings, and cooperate with discovery. The court warned M.S.H. that the failure to follow the court's orders could result in a default finding where she would lose her right to have a trial.

¶5      On June 17, 2020, M.S.H. requested a jury trial. The State served interrogatories and requests for admission upon M.S.H. with a request that they be responded to within thirty days. Subsequently, the State agreed to extend the deadline for an additional two weeks.

¶6      M.S.H. failed to answer the discovery requests. As a result, the State filed a motion for the admissions to be deemed admitted. The State also filed a motion for partial summary judgment with respect to the continuing CHIPS ground, or alternatively, to strike M.S.H.'s contest position.

¶7      On April 15, 2021, a hearing was held on the motions. At the hearing, M.S.H.'s attorneys reported that they explained to M.S.H. the importance of complying with discovery and warned her that if she failed to complete the discovery requests, the circuit court could strike her contest posture so she would not be able to participate in a trial. M.S.H.'s attorneys repeatedly attempted to encourage her to cooperate and comply with the discovery requests, but were not successful.

¶8      The Guardian ad Litem (GAL) indicated that he was in support of the State's motions. The GAL stated that he was aware of the efforts made by M.S.H.'s attorneys in order to get the discovery completed, and the extension of the deadline was not met.

¶9      The circuit court granted all of the State's motions.  Relevant to this appeal, the court stated that "we are supposed to have a trial on Monday, and the State has been severely prejudiced in its ability to prepare for trial without those discovery responses."  The court stated that "I understand some of the challenges that [M.S.H.] has, but she [was] warned."  The court further stated that M.S.H. did not provide a reason for her failure to respond to the discovery and her actions were "egregious, in bad faith and without justification[.]"

¶10     On July 22, 2021, the circuit court held a contested dispositional hearing.  At the request of the State, and over the objection of M.S.H., the court ordered that the adoptive resource be undisclosed.  The State presented the testimony of C.B., a case manager.  M.S.H. also testified.  The court found that it was in A.M.H.'s best interests to terminate M.S.H.'s parental rights.

¶11     M.S.H. appealed.  This court reversed the termination of parental rights order and remanded the case to the circuit court to hold a hearing regarding whether M.S.H. was entitled to the disclosure of the adoptive resource's identity, and whether M.S.H. was entitled to a new dispositional hearing.  *See State v. M.S.H.*, No. 2022AP369, unpublished slip op. (WI App June 1, 2022).

¶12     On August 31, 2022, on remand, the circuit court, a different judge presiding, ordered that the issue of whether the adoptive resource should have been disclosed was moot because A.M.H. was no longer placed there, and the placement was no longer an adoptive resource.[3]  At the request of M.S.H., the

---

[3] The Honorable Ellen R. Brostrom presided over the 2021 motion hearing and the 2021 dispositional hearing.  The Honorable Joseph R. Wall presided over the 2022 dispositional hearing.

court determined that there could be testimony as to what occurred since the first dispositional hearing in 2021 concerning the lack of an adoptive resource and the effect of the lack of an adoptive resource on whether A.M.H. would be able to enter into a more stable and permanent family relationship by the granting of the TPR petition.

¶13    The circuit court held an additional hearing on October 18, 2022, and November 4, 2022.  Testimony was taken from ongoing case manager, I.C., and a former foster parent of A.M.H.  The court also read the transcripts from the first dispositional hearing.  The court found that it was in the best interests of A.M.H. that M.S.H.'s parental rights be terminated.  This appeal follows. Additional relevant facts will be referenced below.

## DISCUSSION

¶14    On appeal, M.S.H. first contends that the circuit court erroneously exercised its discretion when it entered a default judgment against her.

¶15    The State and GAL contend that M.S.H. forfeited her right to challenge the grounds phrase by failing to attack it in her first appeal. Alternatively, they contend that the circuit court properly exercised its discretion by entering a default judgment against M.S.H.

¶16    Even if I assume that M.S.H. did not forfeit her challenge to the grounds phase, I conclude that M.S.H.'s argument fails on the merits.

¶17    Whether to enter a default judgment is within the circuit court's discretion. *Evelyn C.R. v. Tykila S.*, 2001 WI 110, ¶18, 246 Wis. 2d 1, 629 N.W.2d 768.  "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated

rational process reaches a conclusion that a reasonable judge could reach." ***Dane Cnty. DHS v. Mable K.***, 2013 WI 28, ¶39, 346 Wis. 2d 396, 828 N.W.2d 198.

¶18   A circuit court has both inherent authority and statutory authority to sanction parties for failing to obey court orders. *See **Evelyn C.R.***, 246 Wis. 2d 1, ¶17; WIS. STAT. §§ 802.10(7), 804.12(2)(a), 805.03. A default judgment, however, may only be entered if the court finds that the non-complying party acted "egregiously or in bad faith." ***Mable K.***, 346 Wis. 2d 396, ¶69 (citation omitted); ***State v. Shirley E.***, 2006 WI 129, ¶13 n.3, 298 Wis. 2d 1, 724 N.W.2d 623.

¶19   According to M.S.H., she provided an "excusable reason for her inactions in this case." M.S.H. points to statements she made on the record that she was thwarted in her efforts to comply by the social workers in her case and the foster parents, and there was past trauma that she had experienced that prevented her from answering the requests for admission.

¶20   M.S.H., however, does not explain how any of these reasons specifically impacted her ability to respond or comply with discovery from February 24, 2021, to April 13, 2021. Moreover, M.S.H. was explicitly warned by both her attorneys and the circuit court that she could be defaulted for failing to cooperate. Further, in its decision, the circuit court acknowledged that M.S.H. had challenges in her life, but that she was warned to comply with the discovery requests and communicate and cooperate with her attorneys. Thus, I am not persuaded that the circuit court erroneously exercised its discretion when it imposed a default judgment.

¶21   In addition, M.S.H. contends that finding that the termination of her parental rights was in A.M.H.'s best interests was also an erroneous exercise of discretion.

¶22   The circuit court's decision whether to terminate parental rights is discretionary. *Gerald O. v. Cindy R.*, 203 Wis. 2d 148, 152, 551 N.W.2d 855 (Ct. App. 1996). When deciding whether termination is warranted, a trial court is required to consider, but is not limited to, the following factors:

> **(a)** The likelihood of the child's adoption after termination.
>
> **(b)** The age and health of the child, both at the time of the disposition and, if applicable, at the time the child was removed from the home.
>
> **(c)** Whether the child has substantial relationships with the parent or other family members, and whether it would be harmful to the child to sever these relationships.
>
> **(d)** The wishes of the child.
>
> **(e)** The duration of the separation of the parent from the child.
>
> **(f)** Whether the child will be able to enter into a more stable and permanent family relationship as a result of the termination, taking into account the conditions of the child's current placement, the likelihood of future placements and the results of prior placements.

WIS. STAT. § 48.426(3).

¶23   M.S.H. does not argue that the circuit court failed to consider the factors in WIS. STAT. § 48.426(3). Instead, M.S.H. argues that the court did not sufficiently account for the fact that M.S.H. continues to express her love and desire to have her child ultimately returned to her. Additionally, M.S.H. contends that the court did not give sufficient weight to the efforts being made by M.S.H. to improve her circumstances and to be a significant factor in A.M.H.'s life.

¶24   The record, however, reflects that the circuit court did consider M.S.H.'s relationship with A.M.H. and her efforts. At the 2021 dispositional hearing, the circuit court "recognize[d] that [M.S.H.] loves [A.M.H.] very

7

much[.]" However, the circuit court stated that it was "not viable" to send A.M.H. home with M.S.H. due to abuse concerns. At the 2022 dispositional hearing, the circuit court acknowledged that M.S.H. had testified about the different classes that she successfully completed and the fact that she had also completed a psychological evaluation. The circuit court also acknowledged that M.S.H. had testified that she loved and missed A.M.H.

¶25 To the extent that M.S.H. is arguing that this court should weigh the evidence differently from the circuit court, I disagree. The weight and credibility of the evidence are soley for the circuit court to determine. *See* ***Bonstores Realty One, LLC v. City of Wauwatosa***, 2013 WI App 131, ¶6, 351 Wis. 2d 439, 839 N.W.2d 893. Accordingly, I am not persuaded that the circuit court erroneously exercised its discretion.

¶26 Therefore, for the reasons stated above, I reject M.S.H.'s arguments and affirm.

> *By the Court.*—Order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.